# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

SUNDOWNER TRAILERS, INC.,            )
                                     )
          Plaintiff,                 )
                                     )
v.                                   )   Case No. CIV-09-360-KEW
                                     )
SNYDER SERVICES, INC.,               )
d/b/a Sundowner of                   )
Nashville,                           )
                                     )
          Defendant.                 )

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss or Transfer Venue (Docket Entry #22). Upon review and consideration of the Motion and associated response and reply, this Court renders this ruling.

This declaratory judgment action was commenced by Plaintiff Sundowner Trailers, Inc. ("Sundowner") on September 21, 2009. Sundowner manufactures and sells horse trailers. Defendant Snyder Services Inc. ("Snyder") acted as a Sundowner dealership in the State of Tennessee. Sundowner alleges Snyder provided notice that it was ceasing its operation as a Sundowner dealership by e-mail transmission dated September 1, 2009. As a part of that transmission, Snyder informed Sundowner that it expected Sundowner to repurchase all of Snyder's unsold and undamaged equipment at 100% of net cost and all parts at 90% of net cost.

Through this action, Sundowner alleges it is not obligated to repurchase Snyder's custom-made inventory under either any

agreement between the parties or Tennessee law. Specifically, Sundowner seeks a declaratory judgment from this Court finding (1) the Tennessee law requiring Sundowner to repurchase the inventory does not apply under the definition of "inventory" set out in the statute; (2) Tennessee law does not require repurchase when Snyder cancelled the dealer agreement between the parties; (3) if Sundowner's trailers are defined "inventory," the applicable Tennessee statute requiring repurchase is ambiguous as applied and unconstitutional, violating Article I, Section 10 of the United States Constitution; and (4) recovery of attorneys' fees and costs.

In the subject Motion, Snyder first requests this Court to find Tennessee law applies to the relationship between the parties. As Sundowner indicates, this issue truly forms the heart of this action. It is not, however, essential to the determination of this particular motion. The Tennessee law in question is identified as the Tennessee Repurchase of Terminated Franchise Inventory Act ("the Act") found at Tenn. Code 25-1301, *et seq*. According to Snyder's theory, "inventory" under the Act includes, *inter alia*, farm implements. Snyder contends Sundowner's horse trailers constitute such farm implements which, in turn, is defined as "inventory" under the Act. If the horse trailers constitute "inventory," Snyder contends the Act controls and Sundowner is required to repurchase unsold inventory and parts. This argument which forms the basis of this action does not require resolution in

the context of the subject Motion, which is expressly brought under Fed. R. Civ. P. 12(b)(3) for improper venue and 12(b)(7) for the failure to join an indispensable party under Fed. R. Civ. P. 19. This Court will only address those issues which directly impact the basis for Snyder's dismissal motion and leave the substantive application and constitutionality of the Act for another day.

Snyder next contends the Act invalidates the choice of law and forum provisions of the agreement between the parties. In particular, the cited Tennessee law provides, in pertinent part:

> Any contractual term restricting the procedural or substantive rights of a retailer under the part, including choice of law or choice of forum, is void.

Tenn. Code § 47-25-1312.

Tennessee law further provides these provisions are not waivable in any contract. Tenn. Code § 47-25-1313(a).

Under the agreement between the parties, any lawsuit, disputes or action is required to be brought in the District Court of Johnston County, Oklahoma, or the federal court in the State of Oklahoma. The agreement also contains a waiver of personal jurisdiction and venue.

The question before the Court is whether venue is improper in this District. The question is not whether venue would be appropriate in a Tennessee court or whether this Court possesses the requisite personal and subject matter jurisdiction. The basis for jurisdiction asserted by Sundowner in the Complaint was

3

diversity under 28 U.S.C. §1332 and the Declaratory Judgment Act under 28 U.S.C. §2201. Venue in actions where jurisdiction is founded solely in diversity is governed by 28 U.S.C. §1391(a), which provides that venue is appropriate where any defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated or where any defendant is subject to personal jurisdiction at the time the action is commenced. Snyder has not challenged that venue is inappropriate under §1391(a).

Venue in a diversity case is manifestly within the province of federal law. Stewart Organization, Inc. v. Ricoh Corp., 810 F.2d 1066, 1067-68 (11th Cir. 1987) citing Hanna v. Plumer, 380 U.S. 460 (1965). The fact the state procedural law in Tennessee provides for venue in that state is of no moment to this Court in this federal case. Accordingly, this Court finds no basis to dismiss this case for an improper venue. This ruling, however, should in no way be construed to be a rejection of the application of Tennessee substantive law to the facts of this case.

Snyder next contends this action should be dismissed for the failure to include the attorney general of the State of Tennessee as a party defendant. Under Tennessee law, if a question of the constitutionality of a state statute is challenged, the Tennessee attorney general must be served with a copy of the summons and

complaint. Tenn. Code § 29-14-107. Snyder cites the case of Cummings v. Beeler, 223 S.W.2d 913, 916 (Tenn. 1949) as construing this statute as requiring the Tennessee attorney general be named as a party to any such action. Snyder contends it is not feasible to join the attorney general since to do so might violate the Eleventh Amendment.

Again, this federal action is governed by federal procedural law. Under federal law, this Court must certify to the attorney general of the State of Tennessee that a constitutional challenge to a statute of that state affecting the public interest has been lodged in this Court and give that party an opportunity to intervene and join in this action. 28 U.S.C. §2403(b). While it may be argued that the statute in question has a minimal effect upon the public interest, the case authority requiring this notification does not define the precise requirements to meet this criteria. As a result, this Court will notify the Tennessee attorney general and allow him the opportunity to assess the overall effect of the constitutional challenge and the necessity and advisability of intervention. Sundowner contends the constitutional challenge is plead in the alternative. This Court does not, first, read the Complaint as so limiting the argument and, second, does not perceive any exception to the certification requirement even if this were the case. Dismissal on this basis at this stage is not appropriate.

Alternatively, Snyder requests a transfer of venue to the United States District Court for the Middle District of Tennessee under the authority of 28 U.S.C. § 1406(a). This section has no application because no argument has been made that venue is improper as opposed to inappropriate in this District.

As a further alternative request, Snyder seeks a transfer of venue for *forum non conveniens* under 28 U.S.C. §1404(a). Snyder has provided argument in its briefing that witnesses key to this case are located in Tennessee and that it would be inconvenient for them to travel to Oklahoma, documents are in Tennessee, the Snyder dealership is located in Tennessee, and all of Sundowner sales were made by Snyder to customers in Tennessee.

A "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992). "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." Id. at 966. To demonstrate inconvenience of witnesses, the movant must (1) identify the witnesses and their locations; (2) "indicate the quality or materiality of the[ir] testimony"; and (3) "show [ ] that any such witnesses were unwilling to come to trial ... [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary." Id. at 966 (brackets omitted). Snyder has failed to

provide evidence of inconvenience rather than a general, bald contention. As a result, Snyder has failed to meet its burden of demonstrating the prohibitive inconvenience of this District.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss or Transfer Venue (Docket Entry #22) **DENIED**.

IT IS SO ORDERED this 30th day of September, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE